UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:09-CR-08-01-SEB-MGN |
| | ) | |
| ALBERT DAVID SWIHART | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on November 9, 2010, designating the Magistrate Judge to conduct a hearing on the Amended Petition for Warrant for Offender Under Supervision filed with the Court on November 2, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e) and (g). An initial hearing was held on February 4, 2011, and disposition proceedings were held on February 14, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583. Mr. Swihart appeared in person and with CJA Counsel, Brian Darling. The Government appeared by A. Brant Cook, Assistant United States Attorney. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583:

1. On February 4, 2011, Brian Darling, CJA Counsel, was present to represent Mr. Swihart in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Swihart and his counsel. The Magistrate Judge summarized the alleged violations and, further, Mr. Swihart and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Swihart was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Swihart was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Swihart was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Swihart was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Swihart had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing.

7. Mr. Swihart, by counsel, waived his right to a preliminary hearing and a detention hearing, and a written waiver waiving the preliminary hearing was executed in open court. The Court then scheduled the revocation hearing for February 14, 2011.

8. On February 14, 2011, the defendant appeared by CJA Counsel, Brian Darling. The Court proceeded to the revocation hearing upon the allegations of alleged violation of the Terms

of Supervised Release particularly as set out in Violation Numbers 1 thru 6 as contained in the Amended Petition, and the Court was advised that an agreement had been reached between the parties.

        The parties then stipulated the following in open court:

        (a)    As to Violation Numbers 1 thru 6 of the Amended Petition for Violation of the Terms of Supervised Release, the defendant admitted in open Court that he had violated these conditions.

        (b)    The parties by agreement stipulated that the defendant's supervised release would be revoked and the defendant would serve twenty-four (24) months of imprisonment with no term of supervised release to follow.

        9.   The Court then inquired of the defendant, who was sworn at the initial hearing and remained under oath, as to whether he admitted to the specifications alleged in the Amended Petition for Violation of the Terms of Supervised Release, and Mr. Swihart admitted the violations contained in Violation Numbers 1 thru 6. The Court specifically inquired of Mr. Swihart whether he was making these admissions voluntarily and free from any duress, promises, or undue influence. The Court further advised Mr. Swihart that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Swihart answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 thru 6. The violations are summarized as follows:

**Violation Number**    **Nature of Noncompliance**

       **1**          "**The defendant shall refrain from the unlawful use of a controlled substance.**"

On April 14, 2009, the offender tested positive for cocaine. On May 5, 2009, the offender signed a written admission of consuming crack cocaine with "friends and family" four times since mid-March 2009. He submitted to a drug test, which tested positive for cocaine. On May 21, 2009, a report was filed with the Court advising of his noncompliance.

On January 14, 2010, the offender tested positive for opiate use. On February 2, 2010, the offender was confronted regarding his positive drug test and admitted consuming oxycodone intravenously every day since November 2009. February 8, 2010, a second report was filed with the Court advising of his noncompliance.

On October 8, 2010, the offender admitted purchasing and smoking crack cocaine on September 26, 2010. He reported using crack cocaine approximately three times from September 26 to October 2, 2010.

**2**      **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

**3**      **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**

**4**      **"The defendant shall not frequent places where controlled substances are llegally sold, used, distributed, or administered."**

On February 2, 2010, the offender was questioned about his address. This officer was suspicious he was not residing at his reported address due to an inability to locate him at the reported residence since April 2009. The offender admitted residing in numerous places in Kentucky since May 2009, during which time he was also living with a fugitive, Lindsey Cox. The Court was notified of this noncompliance on February 8, 2010.

In early October 2010, this officer suspected the offender had lost his job and was no longer residing at his reported address. On October 8, 2010, this officer questioned the offender about his address and employment status. The offender admitted moving on September 21, 2010, and residing at numerous, unreported residences (including a self-reported "crack house") in Louisville, Kentucky. He admitted observing drug activity inside the residence. Further, the offender admitted losing his job approximately two weeks prior.

**5**      **"The defendant shall not commit another federal, state, or local crime."**

On February 2, 2010, the offender admitted floating $1,500 in bad checks throughout southern Indiana and Louisville, Kentucky, as well as participating in a Wal-Mart theft ring to support an oxycodone addiction that began in November 2009. He also admitted misleading investigators who were searching for Lindsey Cox while they were residing together. Further, as noted above, the

offender possessed oxycodone and cocaine at various times in Louisville, Kentucky. The Court was notified of this noncompliance on February 8, 2010.

6 "**The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency, which may include testing for the detection of substance use or abuse.**"

The Court was previously notified that the offender said he defeated drug testing measures by drinking Efferdent an hour before testing and also advised the contractual testing program had become predictable - he would simply anticipate a drug test and refrain from drug use a few days prior. After the offender's most recent relapse, he missed a drug test scheduled on September 30, 2010.

10. Based on the information available to the Court, the Court further finds the following:

    1) Mr. Swihart has a relevant criminal history category of V. *See,* U.S.S.G. §7B1.4(a).

    2) The most serious grade of violation committed by Mr. Swihart constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

    3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Swihart is 18-24 months.

    4) The appropriate disposition for Mr. Swihart's violation of the condition of supervised release is as follows:

        (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of twenty-four (24) months with no term of supervised release to follow.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 thru 6 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Mr. Swihart shall be committed to the Bureau of Prisons to serve a term of imprisonment of

twenty-four (24) months, with no term of supervised release to follow. The Court would further recommend that the defendant participate in a 500-hour drug program while incarcerated.

Counsel for the parties and Mr. Swihart stipulate that they waive any objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana*.

Counsel for the parties and Mr. Swihart entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq*. and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Swihart's supervised release.

**IT IS SO RECOMMENDED** this 23rd day of February, 2011.

_____
Michael G. Naville, Magistrate Judge
U.S. District Court, Southern District of Indiana
New Albany Division

Distribution:

A. Brant Cook
United States Attorney's Office
brant.cook@usdoj.gov

Brian Darling
bdarling@kentuckylawyer.net, confederateyankeester@gmail.com

U.S. Marshal

U.S. Probation Office